## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARKER,<br><br>                    *Plaintiff,*<br><br>        v.<br><br>KATHERINE MAURUS,<br><br>                    *Defendant.* | CIVIL ACTION<br>NO. 21-4300 |

**PAPPERT, J.**                                          **September 27, 2022**

<u>**MEMORANDUM**</u>

In 2008, Lisa Barker and Katherine Maurus jointly founded Blu Echo Design, LLC, a graphic design firm that now has clients across the country. Barker and Maurus are BED's sole members, with each having a fifty percent ownership interest in the company. BED's operations are governed by oral agreements; nothing was ever reduced to writing. All apparently went fine until March of 2020 when Maurus allegedly engaged in wide-ranging conduct that detrimentally affected Barker and BED.

Barker seeks dissolution of the company, declaratory relief and asserts additional claims for breach of fiduciary duty and unjust enrichment. Maurus counterclaims for breach of contract and unjust enrichment as well. Barker moves to dismiss these counterclaims and the Court denies the motion.

I

Under BED's oral operating agreement, Barker and Maurus allegedly agreed to reimburse each other for business expenses. (Def.'s Countercl.¶ 97–98, ECF 16.) The reimbursable expenses included health insurance, car payments, automobile insurance

1

and internet service.  (*Id*. at ¶ 97.)  These expenses, at least in part, were charged

through a credit card in Maurus's name, and both parties agreed to pay their portions

of the bills in a timely manner.  (*Id*. at ¶¶ 103–04).  Maurus alleges Barker failed to

reimburse Maurus for spending overages and pay her share of the credit card balance,

breaching their oral contract and unjustly retaining the value of those payments.  (*Id*.

at ¶¶ 109–10, 113–16.)

## II

To avoid dismissal for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6), a complaint must contain facts sufficient to state a claim that is

facially "plausible."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the facts

pleaded permit a court to make the reasonable inference that a defendant is liable for

the alleged misconduct.  *Id.*  If the court can infer only the possibility of misconduct

from the "well-pleaded" facts—those supported by sufficient factual content to make

them facially plausible—the complaint has not shown the pleader is entitled to relief.

*Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *Schuchardt v. President of the United States*,

839 F.3d 336, 347 (3d Cir. 2016).

Determining plausibility is a "context-specific task" requiring a court to use its

judicial "experience and common sense."  *Schuchardt*, 839 F.3d at 347 (quoting *Iqbal*,

556 U.S. at 675).  The court disregards a complaint's legal conclusions, assumes well-

pleaded facts are true and then determines whether those facts plausibly entitle the

pleader to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016);

*Schuchardt*, 839 F.3d at 347.  In doing so, the court construes well-pleaded facts in the

light most favorable to the plaintiff and draws reasonable inferences from them.
*Connelly*, 809 F.3d at 790.

III

Barker argues both counterclaims fail to state claims and that they also may be
time-barred because Maurus does not state when Barker engaged in the alleged
conduct.  *See* (Pl.'s Mem. Law, ECF 17-2).

A

Under Pennsylvania law, there are three elements to a breach of contract claim:
(1) the existence of a contract, including its essential terms, (2) a breach of a duty
imposed by the contract and (3) resultant damages.  *Ware v. Rodale Press, Inc.*, 322
F.3d 218, 225 (3d Cir. 2003) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053,
1058 (Pa. Super. Ct. 1999)).[1]

The counterclaim adequately pleads the alleged oral contract and its essential
terms.  When oral agreements are the subject of a dispute, pleading the existence of the
agreement and its terms is sufficient.  *See CoreStates*, 723 A.2d at 1058.  Maurus
contends that "[p]ursuant to a verbal agreement between Plaintiff and Defendant, the
parties paid for certain expenses, including, but not limited to, health insurance, car
payments, automobile insurance, and internet service, with BED funds and/or from
BED accounts."  (Def.'s Countercl. ¶ 97, ECF 16.)  Her allegations, including of the type
of agreement in question (reimbursement), what it applies to (specified expenses) and
when it takes effect (overages) are sufficient to establish the existence of a contract.
(*Id.* at ¶¶ 97–98).

---

[1]      Through their briefing, the parties analyze the pending claims under Pennsylvania law.  *See
generally* (Pl.'s Mem. Law, ECF 17-2; Def.'s Br. Opp'n, ECF 20).  The Court does the same.

3

Her allegations of breach are good enough for now as well. Maurus identifies the types of expenses covered by the agreement and that they were not reimbursed, concise statements of fact that comply with Rule 8(a)(2). (*Id.* at ¶¶ 97, 109–10.)

Finally, there is no requirement for damages to be pleaded with specificity. The Federal Rules of Civil Procedure set out a liberal notice pleading regime. *See* Fed. R. Civ. P. 8; *Brader v. Allegheny Gen. Hosp.*, 167 F.3d 832, 838 (3d Cir. 1999). Pleadings are sufficient when defendants are put on notice of possible damages; there is no requirement to plead the exact dollar amount of a loss. *See, e.g., Sheet Metal Workers Loc. 19 v. Keystone Heating & Air Conditioning*, 934 F.2d 35, 40 (3d Cir. 1991) ("Rule 8(a)(3) . . . does not require that the demand for judgment be plead with great specificity."). Maurus's estimation of $20,000 in damages suffices.

B

Unjust enrichment claims also have three elements under Pennsylvania law: "[1] benefits conferred upon the defendant by the plaintiff, [2] appreciation of such benefits by the defendant, and [3] acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Stoeckinger v. Presidential Fin. Corp. of Delaware Valley*, 948 A.2d 828, 833 (Pa. Super. Ct. 2008) (citations omitted).

Maurus has adequately pleaded all three elements, largely for the reasons discussed above. The unjust enrichment counterclaim alleges that company funds and Maurus's credit card would be used to pay for expenses, that Barker uses those funds for expenses, was required to reimburse Maurus for any overages, and failed to do so. *See* (ECF 16 at ¶¶ 98–99, 104–05, 113–16).

C

Lastly, Barker argues that Maurus's failure to plead specific dates and the nature of the unreimbursed expenses leaves her without proper notice of the expenses and could be outside applicable statutes of limitations. *See* (Pl.'s Mem. Law, ECF 17-2).

As a general rule, notice pleading standards do not require time and place to be alleged with specificity. *See* Fed. R. Civ. P. 8. Moreover, statute of limitations is an affirmative defense. Pursuant to Rule 8, "a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014) (citing *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004)). The Federal Rules of Civil Procedure technically require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss. *Id.* In the Third Circuit, a complaint may be dismissed upon a Rule 12(b)(6) motion, but "only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). That is not the case with respect to the counterclaims, both of which are governed by four year statutes of limitation under Pennsylvania law. *See State Farm Mut. Auto. Ins. Co. v. Rosenthal*, 484 F.3d 251, 253 n.3 (3d Cir. 2007) (breach of contract); *Cole v. Lawrence*, 701 A.2d 987, 989 (Pa. Super. Ct. 1997) (unjust enrichment).

An appropriate Order follows.

BY THE COURT:


***/s/ Gerald J. Pappert***

GERALD J. PAPPERT, J.